Bradley L. Middleton, OSB NO. 893114
BRADLEY L. MIDDLETON, P.C.
bradleymiddletonpc@gmail.com
6950 SW Hampton, Suite 250
Tigard, Oregon 97223
(503) 968-7487
(503) 968-6766 (Fax)
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MASONRY INDUSTRY TRUST ADMINISTRATION, INC., an Oregon corporation; and THE TRUSTS AND TRUSTEES OF THE NORTHWEST BRICKLAYERS PENSION TRUST FUND, THE MASONRY WELFARE TRUST FUND, THE APPRENTICE AND JOURNEYMAN TRAINING TRUST FUND, THE MASONRY VACATION TRUST FUND, and ALL AFFILIATED FUNDS; AND THE BRICKLAYERS AND ALLIED CRAFTWORKERS, LOCAL NO. 1 OF OREGON, <br><br>        Plaintiffs, <br><br>   v. <br><br>CENIGA CONSTRUCTION, INC., an Oregon corporation; FRANK L. CENIGA, an individual; and G & K MASONRY, INC., an Oregon corporation, <br><br>        Defendants. | Case No. <br><br>COMPLAINT |

Plaintiff alleges:

/ / /

/ / /

PAGE 1 – COMPLAINT

I

PARTIES

1.  Plaintiff, Masonry Industry Trust Administration, Inc., is an Oregon corporation, authorized to do business in Oregon, and is the administrative agent for the Masonry Industry Funds described below, and Plaintiff is authorized to bring this action on behalf of the Funds and employees described below.

2.  The Funds accept and administer contributions from employers to cover health and welfare, pension, vacation, apprenticeship, training, and other related needs of employees and employers within the purpose of the various agreement governing the Funds (collectively referred to as the "Agreements").   The Funds are comprised of the Northwest Bricklayers Pension Trust Fund, the Masonry Welfare Trust Fund, the Apprentice and Journeyman Training Trust Fund, the Masonry Vacation Trust Fund, and various other funds serving the needs of employees and employers (collectively referred to as the "Funds").   The ERISA Funds are pension and welfare benefit plans as those terms are defined in 29 U.S.C. § 1002 of the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et. seq. ("ERISA").   The Trustees of the ERISA Funds have discretionary authority and control over the management of the Funds and are "fiduciaries" as that term is defined in 29 U.S.C. § 1002(21)(A) of ERISA.   The Funds also include the Bricklayers and Allied Craftworkers, Local No. 1 of Oregon, which represents the employees (collectively referred to as the "Employees") for the purposes of collecting unpaid wages and benefits.   The Funds in part were created pursuant to § 302 (c) of the Labor Management Relations Act, 29 USC § 186(c).

3.  Defendant Ceniga Construction, Inc. ("Ceniga") is an Oregon corporation.   At all times hereto, Defendant Ceniga has been an "employer" as that term is defined in 29 U.S.C. § 152(2) of the Labor-Management Relations Act ("LMRA") and 29 U.S.C. § 1002(5) of ERISA,

PAGE 2 – COMPLAINT

and has been engaged in an "industry or activity affecting commerce" as that term is defined in 29 U.S.C. §§ 142(1) and (3) of the LMRA and 29 U.S.C § 1002(12) of ERISA.

   4.  Frank L. Ceniga is an individual residing in the State of Oregon.

   5.  Defendant G & K Masonry, Inc. ("G & K") is an Oregon corporation. At all times hereto, Defendant G & K has been an "employer" as that term is defined in 29 U.S.C. § 152(2) of the LMRA and 29 U.S.C. § 1022(5) of ERISA, and has been engaged in an "industry or activity affecting commerce" as that term is defined in 29 U.S.C. §§ 142(1) and (3) of the LMRA and 29 U.S.C. § 1002(12) of ERISA.

II

JURISDICTION AND VENUE

   6.  The Court has jurisdiction over the claims brought against Defendants for violation of the provisions of 29 U.S.C. §§ 1132(a)(3), 1145, and 1132(e)(1) of ERISA.

   7.  At all times material hereto, Defendant Ceniga has been bound by a collective bargaining agreement ("CBA") with the Local No. 1 of Bricklayer & Allied Craftworkers International Union (collectively "Union"). The CBA covers employees in an industry affecting commerce, and the activities of Defendants affect commerce. The Court has jurisdiction over the claims brought by Plaintiff against Defendants pursuant to the provisions of 29 U.S.C. § 185(a) of the LMRA.

   8.  The applicable Trust Funds are administered in Portland, Oregon, and therefore venue is appropriate in this district, pursuant to 29 U.S.C. §§1132(e)(2) and 1451(d), because this is the district where the plan is administered.

/ / /

/ / /

/ / /

PAGE 3 – COMPLAINT

III

FACTUAL BACKGROUND

9. At all times material hereto, Defendant Ceniga was signatory to a written CBA with the Union. Under the terms of the CBA, Defendant Ceniga agreed to be bound by the terms and conditions of the Trust Agreements that created the applicable Funds. Defendant Ceniga further agreed to pay contributions on behalf of its employees performing work covered by the CBA. Defendant Ceniga further agreed to file monthly remittance report forms and to pay the contributions to Plaintiffs by the fifteenth (15th) day of the month following the month in which the work was performed ("Due Date").

10. Under the applicable Agreements and 29 USC § 1132(g)(2), Defendant must pay interest if Defendant fails to timely pay the contributions from the due date until paid at the rate of eighteen percent (18%) per annum or as set otherwise by law or applicable agreement.

11. Under the applicable Agreements and 29 USC § 1132(g)(2), Defendants must pay liquidated damages of ten percent (10%) on the unpaid contributions or the amount equivalent to the unpaid interest, whichever is greater, or as otherwise set by law or applicable agreement.

12. Under the applicable Agreements and 29 USC § 1132(g)(2), Plaintiff is also entitled to recover its reasonable attorney fees from Defendants.

FIRST CLAIM FOR RELIEF

13. Plaintiff realleges paragraphs 1 through 12.

14. Upon information and belief, Defendant Ceniga and Defendant G & K initially operated as separate entities; however, at some time after this, Defendant Ceniga and Defendant G & K developed an interrelationship of operations, including without limitation the control and overlap of labor relations, customers, supplies, business purpose, management, supervision, operations, employees, tools, and equipment.

BRADLEY L. MIDDLETON, P.C.
6950 SW Hampton Street., Suite 250
Tigard, Oregon 97223
Telephone: (503) 968-7487 / Facsimile: (503) 968-6766
Email: bradleymiddletonpc@gmail.com

15. Upon information and belief, at some time after January 2013, work covered by the CBA has been performed by employees of Defendant G & K instead of being performed by the employees of Defendant Ceniga.

16. Upon information and belief, these actions took place in whole or in part to circumvent and evade Defendant Ceniga's obligations under the CBA.

17. Upon information and belief, for purposes of ERISA and the LMRA, at some time, Defendant G & K has become the alter ego of Defendant Ceniga or has otherwise become legally bound by the obligations under the CBA and the applicable Agreements.

18. Upon information and belief, based on the terms of the CBA, at some time, Defendant G & K also became bound by the terms and conditions of the applicable Agreements. As a result, Defendant G & K became obligated to pay contributions on behalf of its employees who performed work covered by the CBA to the Funds, and Defendant G & K also became obligated by the due date to file monthly remittance report forms and pay its monthly fringe benefit contributions to the Funds on behalf of its employees who performed work covered by the CBA.

19. Upon information and belief, for the period of February 2013 to October 2017, or such later date as permitted by the Court, Defendants owe contributions to the Funds. Computation of the precise amount of Defendants' delinquency requires an audit of Defendants' books and records.

20. Upon information and belief, Defendants are also obligated to permit the Funds to audit Defendants' records and to cooperate in determining the extent and amount of the contributions due the Funds, including without limitation all records regarding whether Defendant G & K is an alter ego of Defendant Ceniga and therefore whether additional contributions are owed.

PAGE 5 – COMPLAINT

21. As a consequence, Plaintiff is without sufficient information or knowledge to plead the precise nature, extent, and amount of the Defendants' delinquency as the books, records, and related information necessary to determine the extent and the amount of the Defendants' contribution obligation are in the exclusive possession, custody, control, and knowledge of the Defendants.

22. Plaintiff has no adequate remedy at law for the calculation of contributions owed or damages suffered as a result of Defendants' breach of the contractual obligations absent an audit.

23. All conditions precedent to equitable relief have been met.

24. Defendants should be required to pay the Funds' reasonable attorney fees pursuant to the terms of the applicable Agreements and by law.

25. The applicable Agreements also provide that, in the event a payroll examination of an employer's books and records is conducted and contributions are found due and owing, or alternatively, if an attorney is utilized to collect delinquent payments, the applicable Funds are entitled to a reasonable payroll examination fee and all other reasonable expenses incurred in connection with the collection efforts, including any auditor fees.

WHEREFORE, Plaintiff prays that the following relief be granted:

1. That Defendants, their officers, employees, agents, representatives, and/or agents be ordered to permit an audit of all records under the Defendants' actual or constructive control and, in the absence of said records, to cooperate in alternative methods for the determination of the extent and the amount of the contributions owed, including without limitation whether Defendant G & K is an alter ego of Defendant Ceniga and therefore whether additional contributions are owed;

2. Once all the requested records are provided and reviewed, that Defendants pay all amounts determined to be owed to the Funds, together with liquidated damages, interest, auditor fees, attorney fees, and other recoverable fees and costs under the applicable Agreements and by law;

3. Requiring Defendants to pay Plaintiff's costs and disbursements incurred herein;

4. For such further equitable relief as the Court deems just and proper.

DATED this 26th day of October 2017.

Respectfully submitted,

BRADLEY L. MIDDLETON, P.C.

/s/ Bradley L. Middleton
Bradley L. Middleton, OSB 893114
bradleymiddletonpc@gmail.com
Of Attorneys for Plaintiff

PAGE 7 – COMPLAINT